IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0188-CVE |
| ) | |
| JAMES BAILEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to suppress (Dkt. # 33) evidence recovered from a search of his cell phone executed on May 15, 2020, by a state law enforcement officer acting pursuant to a state-issued search warrant.[1]

**I.**

On May 13, 2020, defendant's wife contacted state law enforcement to report that her daughter, a minor, sent nude photographs to defendant's cell phone. Defendant's wife stated she discovered those photographs on defendant's phone on or about May 6, 2020. Dkt. # 33, at 1-2. Defendant's wife asserted she photographed defendant's phone while it was displaying the

---

[1] Defendant also requests to quash the indictment (incorrectly referred to as an "information"), but cites no law and makes no argument in support of that request. Accordingly, the unsupported request is denied. F.D.I.C. v. Schuchmann, 235 F.3d 1217, 1230 (10th Cir. 2000) (finding that where a party "fails to cite a single legal authority supporting its contention," his argument fails); Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir.1992); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim." (citing United States v. Giovannetti, 919 F.2d 1223, 1230 (7th Cir.1990))).

photographs of the minor. Id. at 2. A state detective reviewed the photographs taken by defendant's wife, but was unable to confirm whether they were of the minor. Id.

On May 15, 2020, a Tulsa County judge issued a warrant authorizing a search of defendant's cell phone. On that day, the detective who had reviewed the photographs, seized defendant's phone pursuant to the state-issued warrant. Id. at 2-3. Defendant alleges that the detective knew of defendant's Native American status prior to petitioning the state court judge for a warrant. Id. at 3.

On July 9, 2020, well after the execution of the warrant, the Supreme Court ruled that the Muscogee (Creek) Nation in Oklahoma had never been disestablished. McGirt v. Oklahoma, ___ U.S. ___, 140 S. Ct. 2452, 2482 (2020). This ruling called into question many aspects of Oklahoma's exercise of criminal jurisdiction over Native Americans within the boundaries of that reservation. It also established federal jurisdiction over Native Americans for certain criminal offenses committed in the Muscogee (Creek) Nation. 18 U.S.C. § 1153; McGirt, 140 S. Ct. at 2478.[2]

On September 11, 2020, a grand jury returned an indictment (Dkt # 2), charging defendant with sexual abuse of a minor in Indian country (count one), abusive sexual contact of a child in Indian country (count two), sexual exploitation of a child by a parent or guardian in Indian country (count three), possession of child pornography (count four), and coercion and enticement of a child (count five). Defendant was detained following a hearing. Dkt. # 12.

Defendant now seeks to suppress the evidence obtained pursuant to the May 15, 2020, warrant because the state detective, acting pursuant to state law on what is now recognized tribal land, did not have jurisdiction to execute a state-authorized search. Dkt. # 33, at 1. Defendant

---

[2]   The McGirt ruling has been extended to the boundaries of four other tribes, including the Cherokee Nation.

further argues that retrospective application of the Supreme Court decision in McGirt is appropriate as defendant's case is not yet final. Id. at 4-6. Defendant requests a hearing in the event that plaintiff seeks to rely on the good-faith exception to the Fourth Amendment's warrant requirement. Id. at 7. Defendant does not assert that there was any bad-faith in the request for, issuance of, or execution of the warrant.

In response (Dkt. # 36), plaintiff argues the law is clear that the exclusionary rule should not apply in this case, as the state law enforcement official relied in good faith on the state judge's warrant when executing it. Dkt. # 36, at 2-6. Plaintiff argues defendant's motion may be denied without an evidentiary hearing because defendant did not assert that there was any deficiency in the warrant affidavit submitted to the judge or in the warrant application process. Id. at 6. The motion is fully briefed.

## II.

### A. Request for Hearing

The Court first notes that "[a] hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one." United States v. Harris, 914 F.2d 927, 933 (7th Cir. 1990). A court will conduct a hearing where a defendant demonstrates that a "significant, disputed factual issue" exists. United States v. Sophie, 900 F.2d 1064 (7th Cir.1990). Such a "significant, disputed factual issue" must be alleged "with sufficient definiteness, clarity, and specificity" in the motion. United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000).

Defendant alleges no facts that indicate the detective was acting in bad-fath when executing the search warrant. Further, defendant raises no other contested factual issues that would implicate the good-faith execution of the warrant. As such, the Court concludes that no contested issues of

fact exist that require an evidentiary hearing. The Court will therefore decide the motion on the moving and responsive papers.

### B. Good-faith Exception

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. CONST. amend. IV. The Fourth Amendment "contains no provision expressly precluding the use of evidence obtained in violation of its commands." Arizona v. Evans, 514 U.S. 1, 10 (1995). However, when evidence is seized in violation of the Fourth Amendment, courts have adopted a rule by which such evidence can be suppressed from being used in criminal trials. Herring v. United States, 555 U.S. 135, 139 (2009). "The rule thus operates as 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" United States v. Leon, 468 U.S. 897, 906 (1984) (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)). Accordingly, "[w]here suppression [of the evidence] fails to yield 'appreciable deterrence,' exclusion is 'clearly . . . unwarranted.'" Davis v. United States, 564 U.S. 229, 237 (2011) (quoting United States v. Janus, 428 U.S. 433 (1976)); see also United States v. Patterson, No. CR-20-71-RAW, 2021 WL 633022, at *3 (E.D. Okla. Feb. 18, 2021).

In light of the above rule, when law enforcement officials act in good faith with the reasonable belief that their actions do not violate the Fourth Amendment, the exclusionary rule does not apply. That is because "the exclusionary rule 'cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity.'" United States v. McCane, 573 F.3d 1037, 1042 (10th Cir. 2009) (quoting Leon, 468 U.S. at 919). In Leon, the Court specifically held that "the exclusionary rule does not apply when the police conduct a search in 'objectively reasonable

reliance' on a warrant later held invalid." Davis, 564 U.S. at 238–39 (quoting Leon, 468 U.S. at 922). This is because "[t]he error in such a case rests with the issuing magistrate, not the police officer, and 'punish[ing] the errors of judges' is not the office of the exclusionary rule." Id. at 239.

In this case, the detective was acting pursuant to an order issued by a state judge. Defendant has not alleged that the execution of the warrant was objectively unreasonable in any way, and the Court finds no evidence of such unreasonableness. Because the Court finds that the detective was executing his search in "objectively reasonable reliance" on a warrant that is potentially invalid under McGirt[3] it finds the exclusionary rule should not apply. Leon, 468 U.S. at 922.

A similar conclusion was reached in Patterson, 2021 WL 633022, at *4. In that case, the court assessed whether a state law enforcement officer's pre-McGirt execution of a state-issued warrant as to the property of a Native American was reasonable, given the lack of jurisdiction brought to light by the Supreme Court's decision. Therein, the court first noted that it could not blindly "pretend the last century of state court prosecutions did not happen." 2021 WL 633022, at *4. Oklahoma "maintained unquestioned jurisdiction for more than 100 years" over land now-recognized as "Indian country" under both federal and tribal jurisdiction. McGirt, 140 S. Ct. at 2485 (Roberts, C.J., dissenting). As a result, the court found the law enforcement officer "certainly has every right to rely on the regular and consistent practices of not just his own agency, or even other

---

[3] The Court need not determine at this time the issue of whether a state-court search warrant issued to authorize the search of a cell phone belonging to a Native American is presumptively invalid under McGirt. In this case, it is enough to note that, in light of the state of Oklahoma's pre-McGirt de facto jurisdiction over the law enforcement of all citizens within its boundaries, the officer had a good-faith belief that he had the obligation to execute the warrant. The question as to whether state-court issued warrants are valid as against the property of Native Americans, post-McGirt, is not before this Court.

5

agencies, but the practices of courts throughout the region in exercising jurisdiction in the form of search warrants, arrest warrants, and criminal proceedings." Patterson, 2021 WL 633022, at *4.

The Patterson court further noted that the officer executing the warrant was "not an attorney. Indeed, even nine of this country's pre-eminent jurists were sharply divided on the question of whether Congress disestablished the Muscogee (Creek) Nation Reservation." Id. The court found "[i]t is absurd to say that [the law enforcement officer], his superiors, or his trainers, should have known better than four of this nation's Supreme Court Justices, particularly where they had a century of precedent and practice buttressing their belief that they had jurisdiction to investigate and perform arrests of Native Americans on these lands." Id.[4]

In United States v. Hamett, No. 18-CR-0002-CVE, 2021 WL 1534529, at *6 (N.D. Okla. Apr. 18, 2021), this Court agreed with the Patterson court and adopted the reasoning in that decision to the extent it found that the good-faith exception applies to state-issued search warrants issued and executed pre-McGirt within tribal jurisdiction against property of Native Americans. This Court continues to find the logic in those decisions persuasive and applicable to defendant's case. Defendant has raised no new issues relating to why the good-faith exception should not apply–and, in fact, failed to raise certain arguments. Accordingly, this Court again finds that the good-faith

---

[4] Additionally, in Patterson, defendant argued that the Tenth Circuit's decision in Murphy v. Royal, 866 F.3d 1164 (10th Cir. 2017), amended and superseded on reh'g (November 9, 2017) (en banc), should have put the officer on notice as to the fact that there might be a jurisdictional issue raised when executing warrants on tribal lands. 2021 WL 633022, at *5. Defendant here makes no such argument.

exception applies to pre-McGirt warrants executed by state law enforcement against the property of Native American defendants.[5]

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Dkt. # 33) and request for a hearing are **denied**.

**DATED** this 26th day of July, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] Defendant spends a considerable portion of his brief arguing that McGirt should apply to defendant retroactively pursuant to Teague v. Lane, 489 U.S. 288, 300 (1989). The Court notes that the good-faith exception applies to warrants issued without proper jurisdiction, as long as plaintiff had a good-faith belief jurisdiction was proper. As a result, the argument is immaterial to the issue here.